**IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **RONDALE HAMPTON** <br> 220 Morgan Avenue, <br> Trotwood, OH 45417 | * <br> <br> * | <br> <br> CASE NO.:_____ |
| Plaintiff, | * | |
| vs. | * | JUDGE: _____ |
| **ROD BROWN** <br> Individually and in his official capacity as <br> as an employee of Montgomery County <br> c/o Montgomery County Sherriff's Office <br> 345 West Second Street <br> P.O. Box 972 <br> Dayton, Ohio 45422-2427 | * <br> <br> * <br> <br> <br> <br> <br> * | |
| and | | |
| **JOSHUA G. HAAS** <br> Individually and in his official capacity as <br> as an employee of Montgomery County <br> c/o Montgomery County Sherriff's Office <br> 345 West Second Street <br> P.O. Box 972 <br> Dayton, Ohio 45422-2427 | * <br> <br> * <br> <br> <br> <br> <br> * | **PLAINTIFF'S COMPLAINT FOR <br> VIOLATIONS OF CIVIL RIGHTS <br> AND OTHER TORTS, W/ JURY <br> DEMAND INCLUDED HEREIN** |
| and | | |
| **SHERIFF ROB STRECK** <br> Individually and in his Official Capacity as <br> an employee and Sheriff of Montgomery <br> County c/o Montgomery County Sheriff's <br> Office <br> 345 West Second Street <br> P.O. Box 972 <br> Dayton, OH 45422 | * <br> <br> * <br> <br> <br> <br> <br> * | |
| and | * | |
| **MONTGOMERY COUNTY <br> BOARD OF COMMISSIONERS** | * | |

1

| | |
|---|---|
| In their Official Capacities | * |
| 451 West Third Street | |
| Dayton, OH 45422 | * |
| | |
| and | * |
| | |
| **OFFICER JOHN DOES** | * |
| Officers involved, who may be | |
| liable to the Plaintiff, whose names | * |
| and information are unknown at this time | |
| but shall be ascertained through discovery | * |
| | |
| and | * |
| | |
| **JOHN/JANE DOES** | * |
| Who may be liable to the Plaintiff, | |
| whose names are unknown at this time | * |
| but shall be ascertained through discovery | |
| | * |
| Defendants. | * |

Now comes the Plaintiff Rondale Hampton (hereafter referred to as "Plaintiff,"), by and through counsel, to set forth the following averments as his complaint:

## PRELIMINARY STATEMENT

1. This civil rights action challenges the gratuitous, excessive, and objectively unreasonable force used against Rondale Hampton, when two Montgomery County Sheriff's deputies, Joshua Haas and Rod Brown, violently assaulted Mr. Hampton resulting in significant injury.

## JURIDICTION AND VENUE

1. This Honorable Court has jurisdiction over all claims presented herein pursuant to 28 USC § 1331 (federal question), 28 USC § 1343 (jurisdiction over conspiracy claims), 42

2

U.S.C. § 1983 and § 1988, 45 C.F.R. 164.524, and Ohio common law, for which this Court can exercise pendent/ancillary jurisdiction.

2. Venue is appropriate under 28 U.S.C. § 1391(b) and Fed. R. Civ. P. 4 and 17(b), Chapter X, S.D. Ohio Civ. R. 82.1 as all events giving rise to these causes of action occurred within the geographical jurisdiction of this Court.

**PARTIES**

3. Plaintiff RONDALE HAMPTON is and was at all times relevant, a resident of the City of Trotwood, Montgomery County, Ohio.

4. Defendant Joshua Haas is a "person" under 42 USC § 1983 and was at all times relevant to this action employed by the Montgomery County Sherriff's Department as a deputy and acting under color of law. He is sued in his individual and official capacities.

5. Defendant Rod Brown is a "person" under 42 USC § 1983 and was at all times relevant to this action employed by the Montgomery County Sheriff's Department as a deputy and acting under color of law. He is sued in his individual and official capacities.

6. Defendant Rob Streck, Sheriff of Montgomery County, Ohio is a "person" under 42 USC § 1983 and was at all times relevant to this action employed by the Montgomery County Sheriff's Department as a deputy and was responsible for supervising activities and subsequently ratified the conduct and activities of Deputies Haas and Brown, and acting under color of law. He is sued in his individual and official capacities.

7. Montgomery County is a is a unit of local government organized under the laws of the State of Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. The Board is sued in its official capacity.

8. At all times relevant, Defendant Montgomery County possessed the power and authority to adopt policies and procedures, prescribe rules, regulations, and practices affecting the operations, tactics, customs and methods of the Montgomery County Sherriff's department, particularly the Department's Patrol, Internal Investigations and Training and Personnel Divisions, as well as other operations and subdivisions presently unidentified to Plaintiff.

9. Upon information and belief, Defendants designated as OFFICERS JOHN DOE are responsible in some manner for the events and happenings referred to herein, and thereby proximately caused or contributed to the injuries and damages complained of. The true names and capacities of Officers John Doe are not known to Plaintiff at this time. Plaintiff will seek the identities of these individuals throughout the course of discovery, and, if necessary, will seek leave to amend his Complaint to add these individuals as defendants.

10. Defendants John and/or Jane Does are deputies, corrections officers, medical providers, or other employees of Defendant Sheriff and/or Defendant Montgomery County who were involved in the incident complained of herein and made the or contributed to the decisions which ultimately culminated and resulted in the damages complained of herein. Plaintiff is currently unaware of the identities of these individuals, but will seek to conduct discovery as to the identities of these individuals upon the filing of this case. Upon discovering the identities of these individuals, Plaintiff, if necessary, will seek leave to amend his Complaint to add these individuals as defendants.

## **FACTS**

11. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully rewritten herein.

12. On July 13, 2020, Plaintiff Rondale Hampton was operating a 2014 Black Nissan Altima when Defendant Haas began to follow him without any probable cause.

13. Plaintiff having been the victim of gun violence earlier that year immediately feared for his life when the initially unidentified vehicle being operated by Defendant Haas continued to follow him.

14. As a result, Plaintiff exited a local business establishment parking lot only to be chased by Defendant Haas .

15. Ultimately, while traveling on Wolf Road in Montgomery County, Ohio was intentionally and recklessly rammed by Defendant Haas patrol vehicle.

16. After the vehicles came to a stop, Defendants unnecessarily and recklessly shattered the driver and passenger side windows of Plaintiff's vehicle with batons.

17. Cruiser camera footage shows Defendant Brown pulled Plaintiff through the passenger side window of the car over broken glass, before delivering a closed fist punch to Mr. Hampton's face and what can only be described as a soccer-style, full swing kick to his stomach.

18. Notably, despite this assault and excessive use of force, Defendant MCSO's report of the incident, in a clear effort of cover-up indicated that Plaintiff was "taken into custody without further incident."

19. While Plaintiff Rondale Hampton was on the ground, apologizing to officers, Defendant Brown told him he wasn't going home and used an expletive in describing Plaintiff.

20. Defendants at no time offered Plaintiff medical assistance for the injuries they inflicted onto him.

21. At the time of the incident, Defendant Brown had two pending administrative investigations against him.

22. At the time of the incident, Defendant Brown's personnel records included various performance reviews where supervisors expressly noted that he required improvement in rule and regulations compliance.

23. At the time of the incident, Defendant Brown had received a written reprimand for hitting civilian's in their face while attempting to effectuate an arrest before.

24. At the time of the incident, Defendant Brown had been issued Letters of Caution for posting inappropriate remarks on social media in the past.

25. At the time of the incident, Defendant Brown had received various Performance Improvement Plans for inappropriate comments made to civilian suspects, and for inappropriate conduct done while on the job.

26. Defendant Brown has since been relieved of his position as a Montgomery County Deputy for violation of department rules and for the use of excessive force.

27. Defendant Haas has been involved in multiple excessive force claims in the past, notably the shooting and death of Dontae Martin in July 2015 wherein Mr. Martin was shot by Deputy Haas and another MCSO deputy 3 times in response to a motor vehicle accident.

### FIRST CAUSE OF ACTION
**Violation of Civil Rights, Pursuant to 42 USC § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution**

28. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully rewritten herein.

29. Defendants subjected Plaintiff to excessive and unreasonable force and thereby deprived Plaintiff of rights secured to him by the Federal Constitution and by the laws of the State of Ohio.

30. Under the provisions of 42 USC § 1983 and the Fourth Amendment of the United States Constitution, Defendants had a duty to act prudently and with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable and excessive force, and said amendment includes and prohibits deliberate indifference to serious medical needs.

31. The Defendants violated Plaintiff's rights to be free of punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution by unjustifiably assaulting him and thereafter failing to offer and obtain medical attention for the Plaintiff.

32. After employing unnecessary, unreasonable, and excessive force which resulted in a violation of the Plaintiff's rights under 42 USC 1983, the Defendants failed to timely render and or seek or timely obtain medical care or assistance for the Plaintiff.

33. Defendants knew or should have known that the ramming of a patrol car into another vehicle, and the subsequent dragging of the Plaintiff through a broken window, face punching and kicking, constituted excessive force and would cause substantial harm and injury to Plaintiff and would cause the Plaintiff to experience pain, suffering, and injury.

34. That the Defendants carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of his rights against unreasonable searches and seizures by participating

in an effort to conceal the violation by omitting facts within their report pertaining to the aforementioned incident.

35. That the actions of Defendants constitute a continuing pattern and practice of civil rights abuses by Defendants The City of Trotwood and Montgomery County, against persons who live within or travel through the Defendants The City of Trotwood and Montgomery County's territorial jurisdiction, and results from these Defendants establishment of a policy, practice or custom that encourages or acquiesces civil rights violations, specifically violations of the Fourth and Fourteenth Amendments of the United States Constitution.

36. The Defendants have, under color of law, deprived Plaintiff of clearly established rights, privileges and immunities secured by the Fourth Amendment to the United States Constitution of which a reasonable person would have known. These rights include, but are not limited to, the right to be free of seizures without probable cause and to be free of excessive force.

37. Plaintiff is entitled to both compensatory and punitive damages as a result of the violation of his Constitutional rights.

38. Plaintiff is entitled to dignitary damages and psychological damages for the fear and injuries inflicted upon him by law enforcement.

39. Defendants' conduct, jointly and severally, caused harm to the Plaintiff.

## SECOND CAUSE OF ACTION

**Municipal Liability and Violation of Civil Rights, Pursuant to 42 USC § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution By Defendants**

40. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully rewritten herein.

41. At all times herein mentioned, Defendants Brown, Haas, and Officer John Does/Jane/John Does were employees of Defendant, Montgomery County, acting under Defendants' direction and control.

42. Defendant, Montgomery County knowingly and intentionally, promulgated, maintained, applied, enforced, or allowed the continuation of policies, customs, practices and usages that violated the Fourth and Fourteenth Amendments of the United States Constitution.

43. That these policies, customs, practices, and usages at all times herein encouraged the employment, deployment, and retention of persons as peace officers who have a propensity for brutality, dishonesty, and numerous other serious abuses of their duties as employees in the employment of the Defendant Cities.

44. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Montgomery County is liable for all injuries sustained by Mr. Hampton.

45. The policies, practices and/or customs of the Montgomery County Sheriff's Department were the moving force behind the excessive force used in the assault of Mr. Hampton.

46. Montgomery County had knowledge, prior to and since this incident, of repeated allegations of departmental violations and abuse and assaultive misconduct towards detainees and arrestees committed by the officers named or otherwise implicated in the

case caption of this complaint, and that these violations demonstrated the Defendants unfitness for employment as peace officers.

47. Defendants Montgomery County and Sheriff Streck had knowledge prior to this incident of committed similar acts by Defendant Officers.

48. Defendants Montgomery County and Sheriff Streck have refused or otherwise failed to adequately discipline all individual deputies involved in this incident.

49. Additionally, Montgomery County through the Sheriff's Department under the control and leadership of Rob Streck maintained or permitted one or more of the following official policies, customs, or practices which included, inter alia, deliberately indifferent to the constitutional rights of persons to be free from unreasonable excessive force, such as Mr. Hampton:

   a. Failure to provide adequate training and supervision to Sheriff's deputies with respect to constitutional limits on use of force;

   b. Failure to adequately discipline or retrain officers involved in misconduct;

   c. Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

   d. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint;

   e. Law Enforcement Code of Silence; and/or

   f. Failure to properly and meaningfully investigate the assault and shootings of civilians, particularly young Black men.

50. These policies, practices, actions, and customs were the moving force behind, inter alia, the malicious and unlawful assault of Mr. Hampton and together were the direct and

proximate cause of the unconstitutional acts committed in this case and the injuries sustained by Mr. Hampton.

51. As a direct and proximate result of the actions of the Defendants, as described above, Plaintiff incurred damages.

### THIRD CAUSE OF ACTION
**Assault and Battery**

52. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully rewritten herein.

53. Defendants Brown and Haas' actions reasonably placed Plaintiff in fear of offensive contact.

54. Defendant Brown and Haas knew with substantial certainty their actions would bring about harmful or offensive contact to Plaintiff.

55. By reason of the aforesaid acts of the Defendants, Plaintiff was placed in fear for his safety and physical well-being, and was physically injured.

56. That the Defendants caused harmful and offensive contact with Plaintiff in excess of any legal right which they may have had, constituting excessive force.

57. That the aforesaid actions of the Defendants were the direct and proximate cause of the injuries and damages sustained by Plaintiff.

### CLAIM FOR PUNITIVE DAMAGES

58. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully rewritten herein.

59. The conduct of the Defendants as pleaded herein was executed with either mal intent, maliciously, willfully, wantonly, recklessly, or with a substantial disregard for Plaintiff's right and was substantially certain to result in harm to Plaintiff.

60. Plaintiff is thus entitled to an award of punitive damages for the Defendant's wrongful conduct, as pleaded above.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgement against the Defendant, jointly and severally as follows:

A) Compensatory damages in an amount greater than Twenty-Five Thousand Dollars ($25,000.00);

B) Punitive damages in an amount greater than Twenty-Five Thousand Dollars ($25,000.00); and

C) Their costs of this action to include reasonable attorney fees, prejudgment interest, post-judgment interest, and such other and further relief to which Plaintiff may be entitled at law or equity

Respectfully Submitted,

/s/Michael L. Wright
Michael L. Wright (0067698)
Robert L. Gresham (0082151)
Kesha Q. Brooks (0095424)
Wright & Schulte, LLC
130 W. Second Street, Suite 1600
Dayton, Ohio 45402
Phone (937) 222-7477
Fax (937) 222-7911
mwright@yourohiolegalhelp.com
rgresham@yourohiolegalhelp.com
kbrooks@yourohiolegalhelp.com
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff respectfully demands a jury on all issues presented herein.

Respectfully Submitted,

/s/Michael L. Wright
Michael L. Wright (0067698)
Robert L. Gresham (0082151)
Kesha Q. Brooks (0095424)
Wright & Schulte, LLC
130 W. Second Street, Suite 1600
Dayton, Ohio 45402
Phone (937) 222-7477
Fax (937) 222-7911
mwright@yourohiolegalhelp.com
rgresham@yourohiolegalhelp.com
kbrooks@yourohiolegalhelp.com
*Attorneys for Plaintiff*